# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Genius Fund I ABC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Gary I. Shinder, Heli Holdings, LLC, Joseph Ohayon, Evan Kagan, and Yohanah Glam, <br><br> Defendants. | 2:21-cv-03765-VAP (MAAx) <br><br> **Order GRANTING Motion to Remand** <br> **(Dkt. No. 21)** |

Before the Court is Plaintiff Genius Fund I ABC, LLC's ("Plaintiff") "Motion to Remand" ("Motion"), filed on May 14, 2021. Having considered the papers filed in support of, and in opposition to, the Motion, the Court finds this matter appropriate for resolution without a hearing and VACATES the hearing set on May 28, 2021 at 2:00 p.m. The Court GRANTS the Motion for the following reasons.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint against Defendants Gary I. Shinder, Heli Holdings, LLC, Joseph Ohayon, Evan Kagan, and Yohanah Glam (collectively "Defendants") in the Los Angeles Superior Court on October 13, 2020. (See Compl.) The Complaint alleged the following claims: (1) avoidance of preferential transfers pursuant to California Code of

1 Civil Procedure § 1800; (2) fraudulent transfer in violation of California Civil
2 Code § 3439.04(a)(1); and (3) breach of fiduciary duty.
3   On February 4, 2021, Plaintiff filed a First Amended Complaint
4 ("FAC") against Defendants alleging the following claims: (1) avoidance of
5 preferential transfers; (2) fraudulent transfer, in violation of California Civil
6 Code § 3439.04(a)(1); (3) fraudulent transfer, in violation of California Civil
7 Code § 3439.04(a)(2)(B); (4) fraudulent transfer, in violation of California
8 Civil Code § 3439.05; (5) breach of fiduciary duty; (6) conversion; (7) unjust
9 enrichment; (8) breach of contract; (9) breach of implied duty of good faith
10 and fair dealing; (10) civil conspiracy; and (11) declaratory relief. (See
11 FAC.)
12   On May 4, 2021, Defendant Gary I. Shinder ("Defendant Shinder")
13 removed the action to this Court on the basis of federal question jurisdiction,
14 28 U.S.C. § 1331, although the FAC did not allege any federal claims. In
15 the Notice of Removal, Defendant Shinder asserted Plaintiff's first claim,
16 brought pursuant to California Code of Civil Procedure § 1800(b)
17 (hereinafter "Section 1800"), and fraudulent transfer claims have been
18 preempted by the federal Bankruptcy Code, as discussed in Sherwood
19 Partners, Inc. v. Lyons, 394 F.3d 1198, 1206 (9th Cir. 2005), which he
20 claimed raised a federal question and satisfied the Court's federal question
21 subject matter jurisdiction. (See Not. of Removal ¶¶ 1-3, 8.) Defendant
22 Shinder also claimed in the Notice of Removal that removal was timely
23 because the federal question was not apparent on the face of the FAC. (Id.
24 ¶¶ 4, 10.) He also stated that although he was served personally with the
25 Complaint in October 2020, he was served improperly with the FAC by mail,
26 so removal was timely. (Id. ¶ 11 ("Under California law, there being no

service currently obligating Gary to even appear in [this] [a]ction, it is inconceivable that his time to remove th[is] [a]ction would already have expired.").)

Also in the Notice of Removal, Defendant Shinder attested he had attached "true and correct copies of all process, pleadings, and orders served upon [him] in th[is] [a]ction," as required by 28 U.S.C. § 1446(a). (Id. ¶ 7.) Defendant Shinder attached three exhibits to the Declaration of Paul F. Rafferty: (1) the Complaint which he received through personal service on October 26, 2020 (Rafferty Decl. ¶ 2); (2) the FAC which he received by mail on February 4, 2021 (Id. ¶ 3); and (3) a request for entry of default judgment which he received by mail on March 19, 2021 (Id. ¶ 4).

On May 10, 2021, Plaintiff filed an ex parte application for an order extending the duration of a temporary restraining order entered by the Los Angeles Superior Court before removal and for an order shortening time for hearing on Plaintiff's forthcoming motion for remand. Defendants filed opposition to Plaintiff's ex parte application. On May 13, 2021, the Court granted the ex parte application, extended the Superior Court's temporary restraining order ("TRO") until May 28, 2021, and set a shortened briefing schedule on the motion for remand.

Plaintiff filed the instant Motion on May 14, 2021. Defendant Shinder filed opposition thereto on May 20, 2021, as did Defendant Heli Holdings LLC, separately. Also on May 20, 2021, Defendants Yohanan Glam and Joseph Ohayon filed a joinder to the opposition filed by Heli Holdings LLC. Plaintiff filed a Reply to the opposition briefs on May 24, 2021.

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." Id. Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff argues this matter should be remanded to the Los Angeles Superior Court for several reasons. First, it claims this matter was removed for the improper purpose of interfering with and frustrating the purpose of the Superior Court's temporary restraining order and preliminary injunction proceedings in this case. Plaintiff further contends removal was untimely, as Defendant Shinder was served with the Complaint through personal service on October 26, 2020, yet he waited to remove this action until May 5, 2021. Plaintiff points out Defendant Shinder failed to attach to the Notice of Removal all the documents he had received in connection with this action, including the Superior Court's TRO. Finally, Plaintiff contends the Court lacks subject matter jurisdiction because no federal question has been

presented and there is no other basis to satisfy the Court's subject matter jurisdiction.

In his Opposition, Defendant Shinder argues his removal of this action to federal court was timely, Plaintiff's entire action is preempted by federal law, and his failure to attach copies of the Superior Court's OSC is not a basis for remand. He also argues the Court should "confront California's disregard of Ninth Circuit law" and "send California a message" by finding Plaintiff's claims are preempted by bankruptcy law. (Shinder Opp'n at 19.)

In its Opposition, Defendant Heli Holdings LLC argues Plaintiff's Section 1800 claim is completely preempted and thus the Court has subject matter jurisdiction. Defendant Heli Holdings LLC also opposes Plaintiff's request for another extension of the Superior Court's TRO and claims Plaintiff has not demonstrated good cause for the request.

In the Reply, Plaintiff argues the Notice of Removal was untimely, Defendant Shinder failed to establish the Court's subject matter jurisdiction, and the TRO should be extended. Plaintiff also argues, in the event the Court denies the instant Motion, supplemental jurisdiction should not be exercised over Plaintiff's remaining claims.

The Court has considered all the papers submitted by the parties and concludes the only issue to be addressed here is whether the Court has subject matter jurisdiction in this case. For the following reasons, the Court concludes it does not, so it need not and will not reach the remaining arguments Plaintiff raises in support of the remand of this action back to the Los Angeles Superior Court.

## A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A determination of subject matter jurisdiction must be made before the merits of a case can be addressed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). If at any time before final judgment the Court determines that it is without subject matter jurisdiction, a removed action must be remanded to the state court in which it was originally filed. 28 U.S.C. § 1447(c).

Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "'well-pleaded complaint rule,' federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). "Although federal preemption is ordinarily a defense, '[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" Id. at 476. In effect, under this very limited circumstance, the pleaded state law claim is recharacterized as a federal claim and is removable. See Franchise Tax Bd. v. State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 23-24 (1983).

Complete preemption occurs when "Congress [has] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v.

Taylor, 481 U.S. 58, 63 (1987). "Complete preemption (a jurisdictional issue) converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes; defensive preemption (a substantive issue) does not enable removal." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 689 n.8 (9th Cir. 2007). Complete preemption arises only in "extraordinary" situations. "[B]ecause complete preemption is rare, [m]any federal statutes—far more than support complete preemption—will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law." Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 948 (9th Cir. 2014) (citation omitted). The Supreme Court "has identified only three federal statutes that satisfy this test: (1) Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86." Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 862 (9th Cir. 2003) (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003)).

Complete preemption is distinct from other forms of preemption. See Retail Prop. Tr., 768 F.3d at 946-61 (explaining the differences between complete and defensive preemption doctrines); see also In re Google Inc. St. View Elec. Comm'ns Litig., 794 F. Supp. 2d 1067, 1084 (N.D. Cal. 2011) (quoting Ting v. AT&T, 319 F.3d 1126, 1135 (9th Cir. 2003)). Complete preemption is "a doctrine applicable to removal jurisdiction only; it is not a doctrine of defensive preemption." Retail Prop. Tr., 768 F.3d at 948. Defensive preemption takes three forms: express preemption, field preemption, and conflict preemption. Id. Express preemption exists where

Congress enacts an explicit statutory command that state law be displaced." Ting, 319 F.3d at 1135. Field preemption may be found "when the federal statutory scheme is sufficiently comprehensive to infer that Congress left no room for supplementary regulation by the states." Public Utility Dist. No. 1 of Grays Harbor City Wash. v. IDACORP, Inc., 379 F.3d 641, 647 (9th Cir. 2004). Conflict preemption occurs when the state law claims directly conflict with federal law. Retail Prop. Tr., 768 F.3d at 960-61. Although they "bear a number of similarities," "field preemption and complete preemption are not co-extensive" because they each "serve distinct purposes and should be kept clear and separate . . . ." Id. at 949. In all cases, congressional intent to preempt state law must be clear and manifest." In re Cybernetic Servs., Inc., 252 F.3d 1039, 1046 (9th Cir. 2001). "[O]nly complete preemption confers federal question jurisdiction." Lane v. CBS Broad., 612 F. Supp. 2d 623, 636 (E.D. Pa. 2009).

Here, Defendants argue Plaintiff's Section 1800 claim[1] is preempted by federal law, as stated in Sherwood Partners, Inc. v. Lycos, Inc., 394 F.3d

---

[1] The Court points out Defendant Shinder argues Plaintiff's Section 1800 claim and fraudulent transfer claims are preempted by federal bankruptcy law, whereas Defendant Heli Holdings LLC contends only Plaintiff's Section 1800 claim is preempted. As discussed herein, the Court rejects Defendants' arguments that Plaintiff's Section 1800 claim is preempted completely by bankruptcy law. The Court also rejects Defendant Shinder's arguments that Plaintiff's fraudulent transfer claims, which notably were not at issue in Sherwood Partners, Inc., also are preempted by federal bankruptcy law. He has presented no authority to suggest all state fraudulent transfer laws are completely preempted by federal law, nor is the Court aware of any. Cf. In re JTS Corp., 617 F.3d 1102, 1111 (9th Cir. 2010) (discussing the legislative history of the Bankruptcy Code, including its amendments and how Congress did not intend to preempt state fraudulent transfer laws when passing and enacting the Bankruptcy Code).

8

1198 (9th Cir. 2005), the claim should be considered as a federal claim, and it satisfies the Court's subject matter jurisdiction.

In <u>Sherwood Partners, Inc.</u>, the Ninth Circuit held Section 1800(b)[2] "is preempted by the Bankruptcy Code." <u>Sherwood Partners, Inc.</u>, 394 F.3d 1206. The plaintiff in that action, an assignee of a debtor, filed suit in California state court for recovery under Section 1800 of a $1 million payment the debtor had made previously to the defendant. <u>Id.</u> at 1200. The defendant removed the action to federal court on diversity grounds and moved to dismiss the action by arguing the Section 1800 claim was preempted by the Bankruptcy Code. <u>Id.</u> The district court denied the motion to dismiss and eventually granted the motion for summary judgment. <u>Id.</u> On appeal, the Ninth Circuit reversed and remanded, directing the

---

[2] Section 1800(b) states the following:

> Except as provided in subdivision (c), the assignee of any general assignment for the benefit of creditors, as defined in Section 493.010, may recover any transfer of property of the assignor that is all of the following:
>
> (1) To or for the benefit of a creditor.
>
> (2) For or on account of an antecedent debt owed by the assignor before the transfer was made.
>
> (3) Made while the assignor was insolvent.
>
> (4) Made on or within 90 days before the date of the making of the assignment or made between 90 days and one year before the date of making the assignment if the creditor, at the time of the transfer, was an insider and had reasonable cause to believe the debtor was insolvent at the time of the transfer.
>
> (5) Enables the creditor to receive more than another creditor of the same class.

Cal. Code Civ. Proc. § 1800(b).

district court to dismiss the action because the Section 1800 claim was preempted. Id. at 1200, 1206.

The Ninth Circuit observed Chapter 7 of the Bankruptcy Code provides for the equitable distribution of a debtor's assets among competing creditors and "the power to avoid preferential transfers" is given to the bankruptcy trustee upon a filing of a bankruptcy petition. Id. at 1203-04 (citing 11 U.S.C. § 547(b)). The court emphasized the Bankruptcy Code "embodies two ideals: (1) giving the individual debtor a fresh start, by giving him a discharge of most of his debts; and (2) equitably distributing a debtor's assets among competing creditors." Id. at 1203. The court reasoned a Section 1800 claim was preempted because it implicated the second goal by altering the "equitable distribution" of a debtor's remaining assets. Id. As the court explained, "if a state assignee under § 1800 recovers a preferential transfer and distributes its proceeds to creditors, this will preclude a federal trustee from recovering the same sum under the federal preferential statute if a federal bankruptcy proceeding is begun." Id. at 1204. The court further explained Congress, in enacting the Bankruptcy Code, had "carefully delineate[d] the circumstances under which federal bankruptcy proceedings are to be initiated," and that Section 1800(b) interfered with the "statutory incentives" in a manner Congress had not "contemplated." Id. at 1205 (noting that once Section 1800(b) proceedings are instituted, they "will affect the incentives of various parties as to whether they wish to avail themselves of federal bankruptcy law"). The Ninth Circuit reasoned because Section 1800 "give[s] state assignees or trustees avoidance powers beyond those that may be exercised by individual creditors," it "trench[es] too close upon the exercise of the federal

1 bankruptcy power." Id. at 1205-06. The court found Section 1800(b) could
2 not "peacefully coexist" with the Bankruptcy Code. Id. at 1202, 1206.

The Court does not read the Ninth Circuit's decision in Sherwood Partners, Inc. as supporting subject matter jurisdiction in this case, for several reasons.

First, Sherwood Partners, Inc. did not address whether a Section 1800 claim is completely preempted and satisfies federal question subject matter jurisdiction in an action removed to federal court on that basis. Instead, as stated supra, Sherwood Partners, Inc. was a case removed to federal court based on diversity jurisdiction and addressed preemption as a defense raised by the defendant. As discussed supra, there are distinct forms of preemption and only complete preemption would satisfy the Court's subject matter jurisdiction here.

Second, the Ninth Circuit acknowledged that not all state laws that overlap with bankruptcy law are subject to preemption. "[F]ederal law coexists peaceably with, and often expressly incorporates, state laws regulating the rights and obligations of debtors (or their assignees) and creditors." Sherwood Partners, Inc., 394 F.3d at 1201. Notably, in an opinion issued after Sherwood Partners, Inc., the Ninth Circuit clarified:

> We do not hold that all state actions related to bankruptcy proceedings are subject to the complete preemption doctrine. We recognize that because the common law of the various states provides much of the legal framework for the operation of the bankruptcy system, it cannot be said that Congress has completely preempted all state regulation which may affect the actions of parties in bankruptcy court.

In re Miles, 430 F.3d 1083, 1092 (9th Cir. 2005) (quotations and citations omitted).

Third, by its own terms, Sherwood Partners, Inc. was limited to a narrow question, i.e., whether a Section 1800(b) claim conflicted directly with the Bankruptcy Code. The limited holding in Sherwood Partners, Inc. is inconsistent with a finding of complete preemption as defined in Retail Prop. Tr., 768 F.3d at 946-61. This is not one of the "extraordinary" situations where Congress clearly manifested an intention to convert into federal questions all state law claims arising out of the power of a debtor's assignee to avoid preferential transfers. See In re Cybernetic Servs., Inc., 252 F.3d at 1046; Anderson, 539 U.S. at 8.

Fourth, despite Defendants' arguments to the contrary, the Court finds persuasive the reasoning in two opinions that have addressed the exact issue facing the Court here. See Viz Media LLC v. Steven M. Spector PC, No. C07-00660 MJJ, 2007 WL 1068203 (N.D. Cal. Apr. 10, 2007); Spector v. Zuffa, LLC, No. 2:07-CV-00463-KJD-RJJ, 2007 WL 9734332 (D. Nev. Dec. 12, 2007). Both cases concluded a Section 1800 claim is not preempted completely by the Bankruptcy Code and, despite Sherwood Partners, Inc., a Section 1800 claim cannot be recharacterized as a federal claim to satisfy the Court's subject matter jurisdiction.

In Viz Media LLC, the plaintiff filed a declaratory judgment action seeking a determination that the defendant, an assignee of a debtor who was seeking to recover a preferential payment made by the debtor to the plaintiff, had no power to do so pursuant to Section 1800 because it was preempted by bankruptcy law. Viz Media LLC, 2007 WL 1068203 at *1. The defendant moved to dismiss the complaint on the basis that the court

1 lacked subject matter jurisdiction and the dispute had to be resolved in a
2 pending parallel state court proceeding. Id. Simultaneously, the plaintiff
3 moved for summary judgment, arguing a declaratory judgment was
4 warranted in light of the Ninth Circuit's opinion in Sherwood Partners, Inc.
5 Id. The court granted the motion to dismiss and denied the motion for
6 summary judgment as moot. Id.

In granting the motion to dismiss, the Viz Media LLC court concluded it did not have subject matter jurisdiction over the action, as diversity jurisdiction was not satisfied, nor was federal question jurisdiction. The court explained the plaintiff's preemption claim was raised as a defense to the defendant's state law claim, which did not create federal question subject matter jurisdiction. Id. at *3. Addressing the plaintiff's claim that the Section 1800 claim was completely preempted by bankruptcy law, the court considered the reach of Sherwood Partners, Inc., and stated it was "unable to conclude that Congress intended, by passage of the United States Bankruptcy Act, to fully occupy the area of the exercise of preference avoidance powers by creditors or assignees such that 'complete preemption' exists here." Id. at *5. The Viz Media LLC court determined the issue decided in Sherwood Partners, Inc. was limited to deciding "whether the specific avoidance rights granted to the assignee conflicted with federal law" and did not support a finding of complete preemption. Id. The court noted Sherwood Partners, Inc. made clear "the Bankruptcy Code will preempt certain preference avoidance powers granted to assignees under state statutes when those same powers are not granted to individual creditors under state law, but still permits some state law preference avoidance powers if granted in equal measure to individual creditors." Id. at

13

1  *6 (citing <u>Sherwood Partners, Inc.</u>, 394 F.3d at 1204 n.6). In other words, as
2  transfer avoidance laws can coexist with bankruptcy law if granted to all
3  creditors, the court concluded "the Bankruptcy Code does not provide the
4  exclusive private remedies available to assignees (for creditors) for
5  avoidance of preferential transfers, and does not evidence an intent of
6  Congress to 'push aside any state law claims in the area' nor make all
7  claims for avoidance of preferential transfers arise solely under federal law."
8  <u>Id.</u> (citations omitted).

       The Court is persuaded by and adopts the reasoning in <u>Viz Media LLC</u> here. In particular, the explanation in <u>Sherwood Partners, Inc.</u>, on which the <u>Viz Media LLC</u> court focused, regarding there being no "federal concern when the assignee has no special avoidance rights," 394 F.3d at 1204 n.6, as compared to other creditors, makes clear the opinion did not conclude a Section 1800 claim is completely preempted by bankruptcy law. Instead, contrary to Defendants' arguments, <u>Sherwood Partners, Inc.</u> considered and found conflict preemption only.

       Likewise, the Court follows the reasoning in <u>Spector v. Zuffa, LLC</u>, 2007 WL 9734332 at *2-3, which also followed <u>Viz Media LLC</u>. The procedural posture here is the same as in <u>Spector</u>, in which an assignee of a debtor filed a complaint in state court seeking to void preferential payments made by the debtor under Section 1800, and the defendants removed the action to federal court on the basis that the Section 1800 claim "assert[ed] federal question jurisdiction pursuant to the Ninth Circuit's decision in <u>Sherwood Partners, Inc.</u> []." <u>Spector</u>, 2007 WL 9734332 at *1. The plaintiff filed a motion to remand and the court granted the motion. <u>Id.</u>

The court found it did not have subject matter jurisdiction based on complete preemption. Id. Following Viz Media LLC, the Spector court found "Sherwood does not suggest that Congress intended to assert authority over the exercise of preference avoidance powers to such a degree that any claim in that area should be deemed federal in character, or to require that all such claims arise solely under federal law." Id. at *3. The Court agrees.

For the same reasons the Viz Media LLC and Spector courts concluded a Section 1800 claim is not completely preempted by federal bankruptcy law, the Court rejects Defendants' arguments that Plaintiff's Section 1800 claim is preempted completely and confers federal question subject matter jurisdiction here.

In its Opposition, Defendant Heli Holdings LLC also points to two cases from the Central District of California to support its contention that Sherwood Partners, Inc. should be construed as endorsing a view that Section 1800 claims are completely preempted by the Bankruptcy Code. (See Heli Holdings Opp'n at 7-9 (discussing Am. Furniture Rentals, Inc. v. DSI Assignments, LLC, No. CV 18-5599 PA (AGRx) (C.D. Cal. Dec. 3, 2018) and DSI Assignments, LLC v. Labor Ready, Inc., No. CV 18-7500 PA (AGRx) (C.D. Cal. Dec. 3, 2018).) Each is distinguishable from the instant case. In both cases, the complaint alleging a Section 1800 claim either was filed directly in federal court, in the case of Am. Furniture Rentals, Inc. v. DSI Assignments, LLC, or removed to federal court, in the case of DSI Assignments, LLC v. Labor Ready, Inc., on the basis of diversity jurisdiction, and the court dismissed the claim because it was preempted pursuant to Sherwood Partners, Inc. Neither case was removed to federal court on the basis of federal question jurisdiction pursuant to a preemption defense, nor

did either case address whether the Section 1800 claim was preempted completely by bankruptcy law to confer federal question subject matter jurisdiction. Accordingly, these opinions are of no assistance to Defendant Heli Holdings LLC here.

Finally, to the extent Defendant Heli Holdings LLC argues removal was appropriate pursuant to the "dominant" federal interest doctrine set forth in Grable & Sons Metal Prods., Inc. v. Darou Eng'g & Mfg., 545 U.S. 308, 312 (2005), it is mistaken. (See Heli Holdings Opp'n at 6 n.3.) As discussed in Viz Media LLC, the issue Defendant Heli Holdings LLC raises, is done so defensively and "Grable provides no basis for finding federal jurisdiction on the basis of [a] federal defense alone." Viz Media LLC, 2007 WL 1068203 at *3. Accordingly, the Court rejects this argument.

As discussed herein, the Court concludes Defendants have failed to meet their burden of demonstrating removal was proper. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d at 1244. The Court is without subject matter jurisdiction and must remand this action to the Los Angeles Superior Court. See 28 U.S.C. § 1447(c).

**B. Extension of the Temporary Restraining Order**

As mentioned supra, Plaintiff moves the Court to extend the Superior Court's TRO for an additional seven days following remand, to allow it to move to re-set preliminary injunction proceedings. Presently, the TRO is set to expire on May 28, 2021.

The Court finds good cause for this request. See Fed. R. Civ. P. 65(b)(2). Plaintiff has shown it risks suffering irreparable harm if the TRO is permitted to lapse. Extending the TRO continues to preserve the status quo

among the parties.  The TRO will be extended only for a seven-day period, for the purpose of allowing Plaintiff sufficient time to reinstitute preliminary injunction proceedings before the Superior Court.  Accordingly, the request for a further extension of the Superior Court's TRO is granted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and remands this action to the Los Angeles Superior Court.  The Court GRANTS Plaintiff's request to extend the Superior Court's TRO.  The TRO, under the terms originally ordered by the Superior Court, shall remain in full force and effect until June 4, 2021.

**IT IS SO ORDERED.**

Dated: 5/26/21

Virginia A. Phillips
United States District Judge